NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY GUIONS,<br><br>                  Petitioner,<br><br>                  v.<br><br>ADMINISTRATOR, NEW JERSEY<br>STATE PRISON, et al.,<br><br>                  Respondents. | Civil Action No. 18-9409 (CCC)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**CECCHI, District Judge.**

*Pro se* Petitioner Gary Guions, a convicted prisoner confined at the New Jersey State Prison in Trenton, New Jersey, seeks to file a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for § 2254 petitions, *i.e.*, AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014), which includes a declaration that the Petition contains all the grounds for relief that Petitioner is raising, and that he understands the failure to set forth all grounds may bar him from presenting additional grounds at a later date.

Moreover, Petitioner neither prepaid the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor submitted a complete application to proceed *in forma pauperis*, as required under L. Civ. R. 81.2(b).

IT IS therefore on this 25 day of May, 2018,

1

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, provided Petitioner timely prosecutes his case as directed below, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) (citing *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 457 & n.8 (3d Cir. 1996) ("[The] statute of limitations is met when a [motion] is 'submitted' to the clerk before the statute runs[.]")); it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus – AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014), and a blank form for Affidavit of Poverty and Certification (Habeas Corpus) (DNJ-Pro Se-007-B-(Rev. 09/09)); it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing, within 30 days of the date of entry of this Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form, and either: (1) a complete *in forma pauperis* application, as required by Local Civil Rule 81.2(b), or (2) the $5 filing fee; it is further

**ORDERED** that if the amended petition or the filing fee is not filed within the time set by the Court, the case will be dismissed without prejudice without further action from the Court; and it is further

**ORDERED** that the Clerk shall serve this Order upon Petitioner by regular mail and shall **CLOSE** the file.

_____
Claire C. Cecchi, U.S.D.J.